## THE COE F. YOUNG.

### IRONS *et al. v.* THE COE F. YOUNG.[1]

*(Circuit Court of Appeals, Second Circuit.* November 14, 1891.)

1. COLLISION—STEAM AND SAIL—LOOKOUT.
   A sailing vessel is entitled to assume that a steam-vessel, approaching her, is being navigated with a proper lookout, and with reasonable attention to the obligations laid upon her.
2. SAME—DUTY OF SAIL-VESSEL—BEATING OUT TACK.
   A sailing vessel, beating in the vicinity of a steam-vessel, is not obliged to run out her tacks, provided her going about is not calculated to mislead or embarrass the steam-vessel.
3. SAME—STATEMENT OF CASE.
   A tug was going up about the middle of the North river on a clear morning, and was gradually overtaking a sloop, which was beating up the stream. The tug had no lookout, other than her master at the wheel. The sloop went from one tack to another, when about 1,000 feet from shore, and the tug soon after struck and sank her. The tug claimed that the change of course was the cause of the collision. The court found that the tug had ample time to have avoided the sloop after her going about, and accordingly *held,* that the tug was solely in fault for keeping a defective lookout.

Appeal from the Circuit Court of the United States for the Southern District of New York.

In Admiralty. Libel against the steam-tug Coe F. Young for damage by a collision with the sloop Mary; by the owners of the vessel, for its loss; the master, for personal injuries; and a deck-hand, for the loss of personal effects. A decree for libelants was affirmed by the circuit court, and respondent appeals. Affirmed.

On the morning of April 19, 1890, the steam-tug Coe F. Young left the foot of Fulton street, New York, bound for Yonkers. The morning was clear, the tug had no tow, and went out about one-third of the distance across the river, and then took a straight up-river course, going at full speed. She had no stationed lookout forward, other than her master in the pilot-house. When somewhere in the

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

neighborhood of Twenty-Third street, her master discovered ahead of him the small fishing sloop Mary, which was beating up the river, heading somewhat on the New York shore, and which was then to the eastward of the course of the tug. The latter kept on with unabated speed, continually overtaking the sloop. When about off Twenty-Sixth or Twenty-Seventh street, and while still 1,000 feet from the New York shore, the sloop went about on her tack towards New Jersey. Shortly afterwards the tug struck the sloop, cutting off her stern, causing her to become a total wreck, and inflicting personal injuries on her master, who was at the helm. The owner of the sloop brought suit for the loss of the vessel, the master for his personal injuries, and a deck-hand for the loss of his effects, all of which suits were consolidated on motion. The district court held the tug solely in fault, (45 Fed. Rep. 505,) and on appeal a *pro forma* affirmance was given by the circuit court, whence an appeal was taken to this court.

*Benedict & Benedict*, for appellants.

The absence of a stationed lookout on the tug is immaterial, unless the collision was caused by such absence of lookout. *The Farragut*, 10 Wall. 334; *The Fannie*, 11 Wall. 238; *The Atlas*, 10 Blatchf. 459, 464; *The Gen. Franz Sigel*, 6 Ben. 550; *The Margaret*, 3 Fed. Rep. 870; *The Buckeye*, 9 Fed. Rep. 666; *The George Murray*, 22 Fed. Rep. 117, 122; *Law* v. *Baker*, 26 Fed. Rep. 164. The sailing vessel was bound to beat out her tack, and her going about as she did was the sole cause of the collision. *The Potomac*, 8 Wall. 590; *The Adriatic*, 107 U. S. 512, 2 Sup. Ct. Rep. 355; *The City of New York*, 1 Cliff. 75; *The A. W. Thompson*, 39 Fed. Rep. 115; *The W. C. Redfield*, 4 Ben. 227; *The Illinois*, 103 U. S. 298. The sloop's change of course misled and embarrassed the tug.

*Hyland & Zabriskie*, for appellees.

The collision was caused by the failure of the tug to keep a lookout.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. The sloop was entitled to assume that the tug was navigating with a proper lookout, and with reasonable attention to the obligations laid upon her as an overtaking steam-vessel. If, under that assumption, the sloop's maneuver was not calculated to mislead or embarrass the tug, it is immaterial whether or not she ran out her port tack. The testimony shows clearly, and in fact it was conceded on the argument, that she had gone about and filled upon the starboard tack before the collision. The disputed question is whether there was abundant time and space to enable the tug, seeing her maneuver, to keep out of the way. The collision happened about opposite Twenty-Seventh or Twenty-Eighth street. Such is the testimony of the disinterested witnesses called by the claimant, who saw it from the foot of Twenty-Ninth street. Variation in their estimates of the precise distance is to be expected; but it was certainly below, not above, their own position. They testify that the sloop went about very shortly before, (though one of them fixes the time as three or four minutes,) and therefore a little further down the river. The witness Sands, who was standing on the pier

at the foot of Twenty-Fifth street, says that she went about off Twenty-Fourth street, and that the collision took place off Twenty-Sixth or Twenty-Seventh street. Any estimate of his as to distances away from him, in the same direction, is as fallible as such estimates usually are; but it seems hardly possible he could be mistaken in the statement that one of the places he indicates is above, and the other below, his own point of observation. It seems a fair conclusion from the evidence that the sloop had sailed on her new tack, at least as far as from Twenty-Fourth to Twenty-Sixth street, which gave the tug ample time to conform her own navigation to the change of the sloop's course, if she had seen the latter come about, as she should have done. The decree of the court below is affirmed, with interest and the costs of the appeal to be paid by the appellant, and the cause remanded for further proceedings to be there taken in pursuance of this opinion.